COUNTY OF KENT, SEPTEMBER TERM, 1862, AT EAST GREENWICH.

PRESENT:

HON. SAMUEL AMES, CHIEF JUSTICE.
HON. GEORGE A. BRAYTON, ⎱ JUSTICES.
HON. J. RUSSELL BULLOCK,* ⎰

## BENJAMIN ARNOLD v. ROXALANA BROWN.

Where a testator devised certain lands, subject to a life estate in his daughter Zilpha, to his great-grandson, Gorton Arnold, "to be to him, his heirs and assigns forever, if the said Gorton should live to have lawful issue; but if he die without lawful issue, then the whole of said premises shall descend to and be held by my great-grandson, Benjamin Arnold, brother of Gorton, his heirs and assigns forever," *it was held*, that Gorton Arnold took an estate tail in the lands.

THIS was an action of trespass and ejectment, brought by the plaintiff to recover about seventy acres of land lying in West

* Judge Bullock was elected a Justice of the Supreme Court, at a special session of the General Assembly, held in August, 1862, and was sworn in on the 7th day of September, in that year.

Greenwich. Both parties claimed,—the plaintiff immediately, and the defendant mediately,—under the will of Othniel Gorton, made on the 27th day of May, 1788; the testator dying in June, 1797, and his will having been proved on the 27th day of June, 1797. It appearing, that the main question in the case was, whether one Gorton Arnold, under whom the defendant claimed, was, under said will, a tenant in tail of the estate in controversy, or a tenant in fee, determinable upon his not living to have issue, this question was by agreement submitted to the court in the first instance; and if the court determined that Gorton Arnold took under said will an estate tail, an issue was to be framed, to determine, whether the entail had been barred in favor of a grantee of the estate, through whom the defendant claimed.

The clause of the will of Othniel Gorton upon which the question turned, was a devise of the estate in question, subject to a life estate in his daughter, Zilpha, to his great-grandson, Gorton Arnold, " to be to him, his heirs and assigns forever, if the said Gorton should live to have lawful issue; but if he die without lawful issue, then the whole of said premises shall descend to and be held by my great-grandson, Benjamin Arnold, brother of Gorton, his heirs and assigns forever."

*Eames, for the plaintiff:—*

The questions submitted to the court, by the agreement of the parties, are,—

I. What estate did Gorton Arnold take under the item of the will of Othniel Gorton recited in the agreement?

II. What estate thereunder did Benjamin Arnold take?

I. As to the estate of Gorton Arnold. Gorton Arnold did not take an estate tail:—*not by express words.* An estate tail is, " an estate of inheritance limited and restrained to some particular heirs of the person to whom it is granted in exclusion of others." Crabb on Real Property, 22, 23, § 971; 1 Cruise on Real Property, (Greenlf's ed.) 79, § 12; 1 Steph. Com. 228; 1 Washburn on Real Property, 72, § 22. If, therefore, either the words of inheritance, (heirs,) or the words of procreation, (of the body, or other words of procreation,) be omitted, an estate tail will not be created. 1 Bl. Com. (Chitty,) top 91, side 115, book 2; 1 Steph. Com. 231; 1 Washb. on Real Prop. 72, § 23; Beres-

ford's Case, 7 Co. 135; Coke Litt. 27, a.; *Frogmorton* v. *Wharrey*, 2 Wm. Bl. 728; *Abraham* v. *Twigg*, Cro. Eliz. 478. An estate tail by devise may be created by any words that indicate the testator's intent to restrain the descent of the estate, given to the lineal descendants of the devisee. . 3 Cruise on Real Prop. 294, 295,—cases cited; 1 Steph. Com. 232; 2 Jarman on Wills, (Perkin's ed.) top 170, side 233.   There is nothing in the language of the devise in this case, which indicates the testator's intent to limit the descent of the estate to the heirs of the body, or to the lineal descendants of Gorton Arnold, or that his issue should take the estate in succession *after* him; the language is, " to be to *him*, his heirs and *assigns* forever, if he, the said Gorton Arnold, should live to have lawful issue."   Upon the birth of a child, therefore, Gorton Arnold would become the owner in fee simple absolute, of the estate.   The devise upon the happening of this event is, " to be to him, his heirs and assigns forever," without any limit to the heirs of his body or to his lineal descendants, or to any particular class of persons.  He could, therefore, have disposed of the estate by deed or by will, as he pleased, either to such child or to a stranger.   Weakley, d. *Knight* v. *Rugg*, 7 Durn. and East. 322; Doe, d. *Barnfield* v. *Wetton*, 2 Bos. and Pul. 324; 1 Jarman on Wills, 454, side 500, and n. The fact that Gorton Arnold did not live to have lawful issue cannot change the nature of the estate given to him, or convert it into an estate tail, if it is an estate of any other kind.   There is no language in the devise, which, within the rules of law, expressly creates an estate tail in Gorton Arnold.

*By implication.*   Nor does the language of the devise create in him an estate tail by implication.   The estate of Gorton Arnold is determined by the event of the birth of a child, lawfully begotten in his lifetime.   Upon the happening of that event his estate is a fee simple absolute, and it is not within the rule which, by implication of law, creates an estate tail.   It is, by the words of the devise, upon the happening of such event, a fee simple absolute.   The subsequent words,—" but if he die without lawful issue,"—determine the contingency upon which the estate is to go over to Benjamin Arnold.   If, however, the nature of the estate of Gorton Arnold is to be determined by the words of the

devise,—" but if he die without lawful issue,"—in connection with, and not separate and distinct from, the preceding words,— " if he shall live to have lawful issue,"—his estate is not an estate tail, within the adjudged cases creating such an estate by implication of law.    The words,—" if he die without lawful issue,"— by themselves, would, as importing an indefinite failure of issue, within the cases, create in Gorton Arnold an estate tail, if by the words of the devise to him it' appeared, that it was the intention of the testator that the estate should go to the lineal descendants of Gorton Arnold, in succession after him.    But the rule of construction requires that every clause and word in a will shall be taken together, to ascertain the intent of the testator.    3 Greenlf's Cruise, 173, n. ; 4 Kent, 534, side ; *Nightingale* v. *Burrill,* 15 Pick. 112.    The implication of law from the words,—" die without lawful issue,"—as importing an indefinite failure of issue, may, however, be rebutted by other expressions in the will.    Any words which indicate an intention in the testator to confine the failure of issue, to a dying without issue living at the death of the first testator, will be sufficient to restrain the generality of the words, " heirs " and " issue," to the period allowed, and rebut the construction of an indefinite failure of issue.    2 Bl. Com. 174, n. by Sharswood, (Sharswood's ed.) ; 4 Kent's Com. 276, (5th ed.) ; *Hawley* v. *Northampton,* 8 Mass. 39, 41 ; *Abbott* v. *Essex Co.,* 2 Curtis, 136 ; *Burroughs* v. *Foster,* 6 R. I. 539 ; *Hall* v. *Chaffee,* 14 N. H. 222 ; *Den* v. *Allaire,* Spencer's Rep. (N. J.) 9, 10 ; *Morgan* v. *Morgan,* 5 Day, (Conn.) 522, 523.    The implication of an estate tail in Gorton Arnold, arising from the words,—" die without lawful issue,"—is restrained and controlled when these words are construed in connection with the previous words,—" if he shall live to have lawful issue,"—in which case he was to have had an estate in fee simple absolute, at a time necessarily limited to his own life.    The point of time when Gorton Arnold's estate determined, if no child was born, was the point of time when the estate of Benjamin Arnold would commence.    The words,—" but if he die without lawful issue,"— therefore mean, if he shall not live to have lawful issue, and the implication of law of an estate tail in Gorton Arnold, arising from the words,—" die without lawful issue,"—by themselves, is

rebutted. The implication is also rebutted by the word " *assigns;*" and also by the gift over to Benjamin Arnold, who was then living; and also from the mode of the devise to Benjamin Arnold,—" that the *whole* of said lands descend to," &c. *Abbott* v. *Essex Co.* 2 Curtis, 137, 138; see *Pells* v. *Brown,* Cro. Jac, 590, approved in 3 Cruise, 455; 3 T. R. 146; 14 N. H. 221; *Porter* v. *Bradley,* 3 Term Rep. 143; 3 Cruise, 462, 463; *Roe* v. *Jeffery,* 7 Term Rep. 589; *Fosdick* v. *Cornell,* 1 Johns. R. 440; 3 Johns. 292; 10 Johns. 12; 11 Johns. 337; 16 Johns. 382; 2 Cow. 333; 1 Denio, 155; 12 Wheat. 153; 1 Pet. 570; *Richardson* v. *Noyes,* 2 Mass. 56; *Ide* v. *Ide,* 5 Mass. 500; *Crane* v. *Cornell,* 2 Curtis, 178; 18 How. 203; *Morgan* v. *Morgan,* 5 Day, 517; *Couch* v. *Gorham,* 1 Conn. 36; *Hall* v. *Chaffee,* 14 N. H. 215; *Den* v. *Allaire,* Spencer, (N. J.) 6; *Den* v. *Schenck,* 3 Halst. 29; *De Haas* v. *Bunn,* 2 Barr, 325; 6 Barr, 45; 10 Barr, 498. The estate of Gorton Arnold, not being an estate tail either from the express words of the devise, or by implication of law from the words of the devise, is a remainder in fee simple conditional, with a limitation over by way of an executory devise, or a remainder in fee simple, defeasible upon the event of his not living to have lawful issue, with a limitation over upon failure of that event. 1 Cruise, 731, 732; *Doe* v. *Moore,* 14 East. 601; *Ray* v. *Enslin,* 2 Mass. 252, approved by Ch. Kent, 16 John. 419; *Nightingale* v. *Burrill,* 15 Pick. 113; *Packard* v. *Packard,* 16 Pick. 191; see also cases above cited.

II. As to the estate of Benjamin Arnold: The estate of Benjamin Arnold is a remainder in fee, contingent upon the death of Gorton Arnold without lawful issue in his lifetime. It is a limitation over of a remainder in fee simple, to take effect if Gorton Arnold did not live to have a child born in his lifetime. Ib. Such a limitation over cannot, conformably to the rules of law, take effect as a contingent remainder; it limits a fee after a fee; but it will take effect in a will, by way of executory devise. 2 Bl. Com. 172, 173. An executory devise is,— " a limitation by will of a future contingent interest in lands, contrary to the rules of limitation of contingent estates in conveyances at law." Bouvier's Law Dict., *Devise;* 2 Bl. Com.

173; 4 Kent's Com. 263. If the estate of Gorton Arnold is not an estate tail, the only question as to the estate of Benjamin Arnold being good as an executory devise is, whether the time fixed for it to take effect is within the rule of law against perpetuities. If the devise over is upon a failure of issue at a particular time fixed, as at the time of the death of the first taker, the gift over is good by way of executory devise, for it is not liable to the objection of remoteness, and does not tend to a perpetuity. *Burroughs* v. *Foster*, 6 R. I. 539. The contingency upon which Benjamin Arnold is to take is,—" if Gorton Arnold shall die without lawful issue." The event of a person's dying without lawful issue surviving or not, is a contingency upon which an executory devise may be limited over, as well as the happening of any other event. *Nightingale* v. *Burrill*, 15 Pick. 113. The rule of construction in wills requires, that every clause and word in a will shall be taken together, to ascertain the intent of the testator. If, then, the words,—" die without issue,"—import an indefinite failure of issue, they are explained and controlled by the other words in this clause,—" if he shall live to have lawful issue;" and the expressions when construed together determine the time when the gift over is to take effect, to be the death of Gorton Arnold, that event being, if no child was born, the point of time when Gorton Arnold's estate determined and Benjamin Arnold's began. Ib. The estate in this case is limited over to Benjamin Arnold, in the event of the death of Gorton Arnold without lawful issue. Benjamin Arnold was then alive, and this indicates that the estate would vest within the period allowed. *Morgan* v. *Morgan*, 5 Day, 523.

III. The language of this devise has not received a judicial construction in any of the adjudged cases. The case of *Manchester and wife* v. *Durfee*, 5 R. I. 533, turned upon the words,—" heirs of their bodies,"—which are technical words to create an estate tail. The case of *Burroughs and wife* v. *Foster*, 6 R. I. 534, was a devise to grandchildren in equal shares, *and* to their heirs and assigns forever; and if any grandchildren should die leaving no surviving issue, then to the survivors. In this case, the devise is to Gorton Arnold, *to be to him,* his heirs and assigns forever, *if he shall live to have lawful issue;* but if he die without

lawful issue, then over. In most, if not in all, the cases decided, in which a fee simple has been reduced, or a life estate enlarged to an estate tail, the intent has been clear to limit the estate to the lineal descendants, and they were to take in succession, after the first taker; and all the cases in which it has been decided that an estate was not an estate tail by implication, or not too remote, have turned upon slight differences in the will in the words of the devise. This case must be determined on the words of the devise. *Hawley* v. *Northampton*, 8 Mass. 39. The language of the devise is plain. The testator meant to give a life estate to his daughter Zilpha, after her decease the remainder to his great-grandson, Gorton Arnold, in fee simple, if he should live to have lawful issue; and in the event of his dying without such issue, to his great-grandson, Benjamin Arnold, brother to Gorton, in fee simple. If such was the intent of the testator, it should be carried into effect, unless inconsistent with the rules of law. 1 Gall. 454; *Hall* v. *Chaffee*, 14 N. H. 218; *Norris* v. *Beyea*, 3 Kernan, 273. An estate in fee simple conditional in Gorton Arnold, with a limitation over in fee by way of executory devise to Benjamin Arnold, is the true construction of the words of the devise, and the only one consistent with the rules of law. Such construction gives effect to every word of the devise, and reconciles the words apparently inconsistent, and carries into effect the plain and manifest intent of the testator. If the words of the devise create in Gorton Arnold an estate tail, then it was in the power of Gorton Arnold, under the law of this State, immediately upon the probate of the will of Othniel Gorton, to convey this estate so as to give a fee simple to his grantee, whether he had, or might thereafter have, lawful issue or not, which is plainly against the intention of Othniel Gorton as expressed in the devise of his will. Such a construction will not be given unless the rules of law implicitly require it. See opinion of Parker, C. J., in *Hall* v. *Chaffee*, 14 N. H. 226. Such a construction strikes out of the will the words,—" if he shall live to have lawful issue."

*B. N. & S. S. Lapham, for the defendant :—*

I. Gorton Arnold took, under the will of Othniel Arnold, an estate tail. 4 Kent's Com. side, 273, 276; *Ide* v. *Ide et al.* 5 Mass. 501; *Parkman* v. *Bowdoin*, 1 Sumn. 359; *Manchester* v. *Durfee*, 5 R. I. 549; *Burroughs et ux* v. *Foster*, 6 R. I. 534.

II. Gorton Arnold could, by deed under his hand and seal, acknowledged before the Supreme Judicial Court, or Court of Common Pleas, convey an estate in fee simple.  Laws of R. I. of 1822, 206 ; Rev. St. Ch. 145, § 3.

BULLOCK, J.  Subject to the devise, to his daughter Zilpha, of the use and improvement of the premises in question during her natural life, the testator devises the same to his great-grand-son, Gorton Arnold, " to be to him, his heirs and assigns forever, if the said Gorton should live to have lawful issue ; but if he die without lawful issue, then the whole of said premises shall descend to and be held by his great-grandson, Benjamin " (Arnold), " brother of Gorton, his heirs and assigns forever."  ·

The question is, what estate Gorton Arnold takes under this devise ?  In construing a devise, the first object is, to ascertain, if possible, from the whole tenor of the will, the intention of the testator, giving to the language of the devise its ordinary and natural interpretation.  This intent, so ascertained, is to have effect, if it can, without obviously violating some settled rule of construction, or some positive enactment of law.  If an estate be devised to A, and the heirs of his *body*, but for want of such heirs, then over to B and his heirs, the ordinary construction of this language would vest in A a life estate, and in the event of his dying without having issue, or without leaving issue, the estate or fee would pass over to B.

It is well known, that by a long series of decisions upon wills, certain words have received a certain judicial meaning, and this is often different from their popular meaning ; and when these words are used, the testator is presumed to use them in their legal and not in their popular sense.  So that, if a devise be to A, and the heirs of his body, it is not a life estate in A, but an estate tail.  Again, if an estate be devised to A, and his heirs, or his heirs and assigns, but if he die without lawful issue, then over to B, this also is an estate tail in A, by implication, for the words,—" dying without lawful issue,"—imply an intent in the testator to limit the estate to the lineal or *blood* heirs, as distin-guished from the *collateral* heirs of the devisee.  2 Jarman on Wills, 173.  So, if the technical words of *procreation*, which expressly create an estate tail, as well as the words,—" die with-

out issue,"—which are the words ordinarily implying an estate tail,—be both omitted, if such other words are used as manifest a plain intent in the testator, to limit the estate to the heirs of the body of the first taker, he will take an estate tail, by implication also. Ib. 170–172.

Regarding this as a devise to Gorton, "his heirs and assigns forever, but if he die without lawful issue," then over to Benjamin, it is an estate tail in Gorton, with remainder over to Benjamin, expectant on the determination of the estate tail. But the devise is to Gorton, "to be to him, his heirs and assigns forever, *if he should live to have lawful issue; but if he die without lawful issue,"* then over to Benjamin. We see nothing in the use, by the testator, of the word " *assigns,"* whether alone or taken with the context, to lead us to suppose that he attached to this word any particular significance, or that he used it as a word of special import. Its introduction did not enlarge, nor would its omission have restrained, Gorton's estate. Having, in the same item of his will, by fit words, given to Zilpha a life estate, the testator, now, by the use of the words " *heirs* " as well as " assigns,"intends to pass a fee ; and in Gorton it may be a fee tail, as well as a fee simple conditional.

Again, the devise is to Gorton, if he should live to have lawful issue ; but if he die without such issue, then over to Benjamin. The words,—" die without issue,"—standing alone and unexplained by the context, import an indefinite failure of issue, and so create in the devisee an estate tail. But this expression is used in connection with and follows immediately upon the clause, " if he should live to have lawful issue." Does this latter clause so vary or control the legal effect of the former, as to vest in Gorton a different estate ? The ordinary meaning of the words, if he shall live to have issue is, if he shall have any issue,—if he shall have any children ; and no rule of construction, so far as we know, has attached to them any other meaning. If he (Gorton) has issue, such issue, or those from whom such issue descend, must be begotten while Gorton lives. Saying, therefore,—" if he shall live to have " " issue,"—is saying no more than to say,—if he shall have issue. It is settled, that the words,— " if he have no issue," or " if he die before he has any issue,"—

standing alone, import an indefinite failure of issue. In *Newton* v. *Barnardine*, Moo. R. 127, a devise to C., and if he die before he had any issue of his body, then over, was held an estate tail by implication, the words,—if he die before he has issue,—being construed as identical with the words,—if he die without issue. In Doe, d. *Jearrad* v. *Banister*, 7 Mees. & Welsb. 292, the devise was to Mrs. S. and her heirs, *if she has any child*, if not, upon her decease, over. It was held that Mrs. S. took an estate tail. If the words,—"if she has any child,"—import an estate tail, do the words,—if she has any issue, or if he lives to have any issue,—import a different estate? If these cases are authority, they indicate that a devise to Gorton, his heirs and assigns, if he shall live to have lawful issue, vests in Gorton an estate tail; but when taken in connection with the clause,—" if he die without lawful issue,"—which are the apt words from which such an estate is implied, we think there can be no doubt of the legal effect of this devise.

Again, if the two clauses in question are contradictory,—if they devise, or seem to devise, the same thing in two different ways, then the last devise is the operative one. 6 Greenlf's Cruise, 149.

If an estate can take effect in the ulterior devisee as a remainder, it shall not be construed to be a limitation over by way of executory devise. 4 Kent's Com. 263; 3 T. R. 489, n. A devise to M. and to the heirs of her body, followed by the words,—" in case she shall die not leaving child or children living at her decease," " to my heir male and his heirs male," &c.,—was held an estate tail in M. *Driver* v. *Edgar*, Cowper, 379. If the devise in question had been to Gorton, &c., if he should live to have lawful issue, *living at his death*, or if he die without lawful issue *then living*, or words of like meaning, he would have taken a qualified fee simple, and the limitation over to Benjamin would have been good by way of executory devise. But limitations over of this nature are not to be raised by inference. The testator must make it manifest, by express words, or by clear and plain implication, that he refers to, and intends, a failure of issue at the time of the death of the first or prior devisee.

Whatever intention may have rested in the mind of this testa-

tor, of which we know nothing except so far as it may be gathered from the language of his will, the only construction that will execute this devise, conformably to the rules of law, is, by an estate tail in Gorton, with a remainder over in Benjamin, expectant on the determination of the estate tail.